## Richmond

### Davo Corporation v. George Edward Lee, Et Al.

March 16, 1959.

Record No. 4887.

Present, All the Justices.

The opinion states the case.

*Norris E. Halpern* and *James A. Howard* (*Breeden, Howard & MacMillan*, on brief), for the plaintiff in error.

*Howard I. Legum* and *Louis B. Fine*, for the defendants in error.

Whittle, J., delivered the opinion of the court.

We granted Davo Corporation a writ of error from a judgment entered against it in favor of George Edward Lee and Phyllis M. Lee. The Lees had proceeded by motion for judgment against the corporation, alleging the failure of defendant to construct a home for them in accordance with plans and specifications. The defendant company filed responsive pleadings denying plaintiffs' allegations, and further answering said that plaintiffs had accepted the home as having been completed to their satisfaction; that the Lees had conceded in writing

that the defendant made no representations or warranties of any kind except the warranty required by the Veterans Administration, which warranty it asserted had been complied with.

The matter was heard by the court without a jury, and a judgment for the plaintiffs in the sum of $1502 resulted.

Five assignments of error are relied upon by the Davo Corporation, which it says involve one question, *i.e.*, whether the lower court erred in refusing to strike plaintiffs' evidence on the ground that the evidence disclosed that the dwelling had been constructed in accordance with the Veterans Administration warranty and was in conformity with plans and specifications to which plaintiffs had agreed.

The record discloses that Davo Corporation was the owner of a tract of land in Princess Anne County which had been laid out for a residential development. On the 3rd of August, 1955, the Lees entered into an agreement with the corporation for the purchase of a lot and the construction of a home thereon for the sum of $15,415. On December 12, 1955, the company executed a deed conveying the premises to the Lees. The closing took place at the office of the secretary of the corporation who, on January 20, 1956, mailed to the Lees the deed, a Home Owners Service Policy, a warranty issued by the company of completion of construction in substantial conformity with plans and specifications, a copy of the closing statement, and a Certificate of Eligibility for a Veterans Administration loan.

The warranty contained the following language:

"This warranty shall be in addition to, and not in derogation of, all other rights and privileges which such Purchaser(s)/Owner(s) may have under any other law or instrument * * * and shall be binding on the Warrantor notwithstanding any provision to the contrary contained in the contract of purchase or other writing executed by the Purchaser(s)/Owner(s), heretofore or contemporaneously with the execution of this agreement or prior to final settlement * * *. This warranty is executed for the purpose of inducing the Administrator of Veterans' Affairs or the Federal Housing Commission to guarantee or insure a mortgage on the captioned property. * * *"

The plans which were introduced in evidence bear the notation, in red pencil, "provide Drainage".

The Home Owners Service policy which was mailed to the Lees by the company's secretary recites that high standards of health,

safety and sanitation shall be built into every home, and that reasonable and necessary repairs or adjustments would be made without cost within six months by reason of defects in workmanship or material.

The record discloses that shortly after the Lees moved into the premises a number of defects appeared, and at the time of the closing the Lees were assured that all defects would be remedied.

The record is replete with evidence showing many defects in the house and especially that proper drainage had not been provided. Lee testified that he was unable to use the downstairs toilet and that water backed up from the septic tank through the shower; that the water comes through the drain into the shower, running over the floor and causing a foul odor; that the tiles on the floor are rotten from water; that there are leaks around the foundation and water comes up through the crawl space underneath the house and spreads over the floor; that it is necessary to bail out water with a bucket; that after rains, pools of water stand on the property; that he had complained after the house was completed that the lot was muddy and was told by the company that the mud and water situation would be eliminated when the grass grew in the spring. However, as it developed, this situation was not remedied.

George W. Price, engaged in commercial construction work in the Tidewater area, testified that it would cost $1502 to repair the defects. Mr. Price stated that the grading failed to meet the minimum requirements of the Veterans Administration and the Federal Housing Administration as the ground around plaintiffs' home was not graded away from the house so that water would drain therefrom. He was of the opinion that the house should have been built up higher to provide proper drainage. He testified that the house was built low in relation to the ground around it so that the water seeped into the lower level of the house, and that water leaked into the windows around the eaves.

The plans and specifications were prepared by the defendant company and it strongly contended that the house had been completed in accordance therewith. The company further relied upon a form letter, prepared by the secretary, signed by the Lees, and addressed to the company on the date of closing. This letter, which bears the same date as the written warranty executed by the company, recites that the Lees had personally inspected the premises; that the house was completed to their satisfaction and habitable; and that the

Davo Corporation had made no representation or warranty except that required by the Veterans Administration.

The evidence is clear that this letter, as found by the trial court, was not written by the Lees for the purpose of relieving the Davo Corporation of any obligation due by it to them but was written for the purpose of closing the mortgage loan.

It is clear that this company had wholly failed to keep its contract with the Lees to build for them a livable home with proper drainage provided.

It will be remembered that the case was heard by the court without a jury, and the evidence and all reasonable inferences to be drawn therefrom must be viewed in the light most favorable to the plaintiffs in whose favor the judgment was rendered. *Turk* v. *Clark*, 193 Va. 744, 751, 71 S. E. 2d 172, 177; § 8-491, Code of Virginia, 1950.

For the reasons stated the judgment is

*Affirmed.*